```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
        Plaintiff             :
                              :
                              :
        v.                    :   CRIMINAL NO. 1:CR-05-413-02
                              :   CIVIL NO.    1:CV-07-2298
                              :
ROBERTO MOTA-HERRERA,         :
        Defendant             :
```

*M E M O R A N D U M*

I.  *Introduction*

Defendant Roberto Mota-Herrera has filed this pro se motion pursuant to 28 U.S.C. § 2255. (doc. 126). In response to an Order notifying Mota-Herrera of the limitations for successive motions under § 2255 (doc. 127), Mota-Herrera filed an addendum containing additional claims. (doc. 128). The Government filed a brief in response (doc. 135) to our Order to show cause (doc. 131). Mota-Herrera then filed a brief in reply. (doc. 136). We will deny the § 2255 motion.

II. *Background*

On March 8, 2006, Mota-Herrera pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine hydrochloride. (doc. 69). Mota-Herrera was sentenced to eighty-one months in prison after the Court awarded a two-level reduction pursuant to the safety valve provision and a three-level reduction for acceptance of responsibility. The

sentence also included a twenty-five percent reduction pursuant to § 5K1.1 for substantial assistance to the Government.  Mota-Herrera's co-defendants received sentences of forty-eight and sixty-five months.

Mota-Herrera appealed his sentence, arguing that it was unreasonable pursuant to *United States v. Booker*, 543 U.S. 220 (2005), with respect to our consideration of the 18 U.S.C. § 3553(a) factors.  Mota-Herrera also argued that the term of imprisonment violated his Eighth Amendment rights.  On June 29, 2007, the Third Circuit, after granting defense counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), rejected both arguments and affirmed the sentence. (docs. 121, 123); *United States v. Mota-Herrera*, 238 Fed. Appx. 803 (3d Cir. 2007).  Mota-Herrera filed this habeas motion on December 20, 2007, as well as an addendum on January 31, 2008.

*III. Discussion*

Mota-Herrera's habeas motion raises a number of ineffective assistance of counsel claims and two additional claims.  We will deny the motion without a hearing because the motion and the record conclusively show that Mota-Herrera is not entitled to relief.  28 U.S.C. § 2255; *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

*A.  Ineffective Assistance of Counsel Claims*

Mota-Herrera contends that counsel provided ineffective assistance for the following reasons: (1) counsel failed to challenge the Government's motion recommending a twenty-five percent downward departure for providing substantial assistance; (2) counsel promised Mota-Herrera that he would receive a sixty-month sentence; (3) counsel failed to request consideration of Mota-Herrera's status as a deportable alien at sentencing; (4) counsel failed to request consideration of Mota-Herrera's family ties and cultural assimilation at sentencing; (5) counsel failed to argue for recognition of Mota-Herrera's cooperation and substantial assistance within the 28 U.S.C. § 3553 factors; (6) counsel failed to fully explain the consequences of the plea agreement; and (7) counsel filed an *Anders* brief instead of pursuing meritorious claims on appeal. After summarizing the applicable law, we will discuss each claim.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), the Supreme Court set forth the test for ineffective assistance of counsel claims.  Pursuant to *Strickland*'s two-pronged test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was

prejudicial. *Id.* at 688, 692.[1] "The proper measure of attorney performance" is "reasonableness under prevailing professional norms." *Id.* at 688. Counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Second, the defendant must show that counsel's deficient performance prejudiced his defense. *Id*. The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

   The *Strickland* test extends to claims regarding counsel's performance on appeal. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed.2d 756 (2000), *citing Smith v. Murray*, 477 U.S. 527, 535-36 (1986). *See also United States v. Mannino*, 212 F.3d 835, 840 n.4 (3d Cir. 2000). With respect to the prejudice prong, the petitioner must show that "there is a reasonable probability that the result of the *appeal* would

---

[1] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

have been different had counsel's stewardship not fallen below the required standard." *Mannino*, 212 F.3d at 845.

Claims of ineffective assistance during the plea process also apply the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). In evaluating the voluntariness of a plea taken by a defendant represented by counsel, a court looks to whether counsel's advice was within the range of competence required of an attorney in a criminal matter. *Id*. at 58-59. The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Prejudice requires a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. *See also Scarbrough v. Johnson*, 300 F.3d 302, 306 (3d Cir. 2002).

Mota-Herrera's first ineffective assistance of counsel claim concerns his twenty-five percent sentence reduction under § 5K1.1 of the Sentencing Guidelines. Mota-Herrera received this sentence reduction after the Government filed a motion recommending a downward departure based on his substantial assistance in the investigation of others. (doc. 94). He now contends that counsel was ineffective for failing to challenge the extent of the downward departure. (doc. 126, pp. 3-4). We conclude that counsel's failure to argue for a greater sentence reduction did not prejudice Mota-Herrera.

The Government outlined the extent of Mota-Herrera's assistance in its § 5K1.1 motion, recommending the twenty-five percent sentence reduction. (doc. 94, p. 4). The Government made its recommendation pursuant to the express language of the plea agreement, *see* doc. 79, ¶ 11, and we exercised our discretion to determine the extent of the sentence reduction by awarding a twenty-five percent reduction. *See United States v. Carey*, 382 F.3d 387, 392 (3d Cir. 2004) (explaining that a sentencing court has "broad discretion in determining the extent of the reduction"). In doing so, we observed that the Government's recommendation was "well justified" and matched the reduction given to his co-defendants. (doc. 118, p. 6). As the amount of Mota-Herrera's reduction was within our discretion and reflected our consideration of his assistance, Mota-Herrera was not prejudiced by counsel's failure to request a greater reduction.

The second ineffective assistance claim concerns a purported "promise" by counsel that Mota-Herrera would receive a sixty-month sentence. (doc. 126, p. 4). This claim is also without merit. It is "well-established" that "defense counsel's conjectures to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). At his change of plea

hearing, Mota-Herrera was asked: "Other than what is set forth in the plea agreement, have there been any promises made to you that have caused you to decide to change your plea and to plead guilty?" (doc. 130, p. 9). Mota-Herrera responded: "No." *Id*. The guilty plea colloquy also confirmed that Mota-Herrera understood, signed, and agreed to the terms of the plea agreement. *Id*. at 11. He understood that the plea agreement did not bind the Court with respect to the length of his sentence and that he could receive up to the statutory maximum of twenty-years' imprisonment. *Id*. at 4, 11. The written plea agreement also established Mota-Herrera's maximum potential exposure and our discretion at sentencing. (doc. 79, ¶¶ 1, 2, 18). As a result, we reject this ineffective assistance of counsel claim.

Third, Mota-Herrera contends that counsel was ineffective in failing to request consideration of his status as a deportable alien at sentencing. Mota-Herrera claims that he is subject to greater punishment as a deportable alien because he is not eligible to spend a portion of his sentence in a halfway house and because his current place of confinement presents harsh living conditions. (doc. 136, p. 8). "A defendant may obtain a downward departure based on his deportable status if he demonstrates 'unique circumstances particular to a certain case which make that case so unusual that the [Sentencing] Commission would not have considered it.'"

*Bradley v. United States*, No. 03-6211, 2005 WL 1607019, at *5 (D.N.J. Jul. 8, 2005) (quoting *United States v. Angel-Martinez*, 988 F. Supp. 474, 484 (D.N.J. 1997)). Mota-Herrera fails to demonstrate unique circumstances which would make counsel's failure to request a downward departure at sentencing objectively unreasonable.[2] Mota-Herrera's ineligibility for admission to a halfway house, if true, is not so unusual that the Sentencing Commission would not have considered it in the Sentencing Guidelines. *Angel-Martinez*, 988 F. Supp. at 484. Therefore, the failure to pursue a downward departure on this basis was not ineffective assistance of counsel. *See Bradley*, 2005 WL 1607019, at *5.

Fourth, Mota-Herrera argues that counsel was ineffective in failing to seek a sentence reduction based on his family ties and cultural assimilation. (doc. 126, p. 4). In his § 2255 motion, Mota-Herrera explains that he has been in the United States since 2000 and he has assimilated to this country's culture. *Id*. at 14. With respect to his family ties, prior to sentencing, Mota-Herrera sent a letter to the probation officer explaining that he has six children, including a daughter living in Massachusetts whom he did not disclose during his interview with the probation office. We reject both claims.

---

[2] As pointed out by the Government in its response, it was not even clear at sentencing whether Mota-Herrera was an alien subject to deportation. (doc. 135, p. 4) (citing doc. 118, p. 3).

Mota-Herrera's assimilation claim would not have been successful even if counsel had raised it before sentencing. A sentence reduction for cultural assimilation, while not yet addressed in a precedential opinion, *see United States v. Morales-Aponte*, 229 Fed. Appx. 69, 73 (3d Cir. 2007) (nonprecedential), may be grounds for a downward departure in other circuits in an "atypical or extraordinary case." *See id*. (quoting *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-34 (5th Cir. 2001)). Aside from Mota-Herrera's conclusory statement regarding his assimilation to this country's culture and his residence here since 2000, he has provided nothing to show that his case is atypical or extraordinary. Therefore, Mota-Herrera was not prejudiced by the failure to present the argument.

Mota-Herrera's family ties claim also fails. A review of the record reveals that Mota-Herrera provided information regarding his family ties during preparation of his pre-sentence report. He also submitted a letter objecting to the pre-sentence report and arguing for such a departure. Counsel for Mota-Herrera noted the family ties objection at sentencing. (doc. 118, p. 2). The Court noted this objection and adopted the Pre-Sentence Report despite the objection. Therefore, Mota-Herrera's claim that counsel was ineffective for failing to seek a downward departure on this basis is without merit as his family ties were considered at sentencing.

The fifth ineffective assistance of counsel claim is based on the reasonableness of the sentence under 18 U.S.C. § 3553(a). Mota-Herrera contends that counsel was ineffective in failing to argue for the Court's consideration of his cooperation with the Government in fashioning a reasonable sentence under § 3553(a). (doc. 126, p. 14). Mota-Herrera cites *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006), for the proposition that a sentencing judge should take a defendant's cooperation into consideration in formulating a reasonable sentence consistent with the reference in § 3553(a)(1) to the "history and characteristics of the defendant." *See* doc. 126, p. 15. *Fernandez* is not controlling authority and is distinguishable because Fernandez did not receive a § 5K1.1 substantial assistance reduction and sought consideration of her efforts at sentencing through § 3553(a). As discussed, Mota-Herrera received a twenty-five percent sentence reduction for his substantial assistance to the Government. Additionally, on direct appeal, the Third Circuit determined that we "gave meaningful consideration to the factors under 18 U.S.C. § 3553(a)" and that Mota-Herrera's sentence was reasonable. *Mota-Herrera*, 238 Fed. Appx. at 806. Accordingly, this ineffective assistance of counsel claim is without merit.

With respect to the plea process, Mota-Herrera argues that counsel was ineffective by failing to fully explain the consequences of the plea agreement. (doc. 126, p. 25). The

10

result, Mota-Herrera argues, was an unknowing, involuntary, and unintelligent plea. *Id.* Mota-Herrera's claim is belied by the record. When we look to a defendant's statements at a plea hearing,

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed.2d 136 (1977). Mota-Herrera's conclusory allegation that counsel failed to explain the consequences of his guilty plea fails in light of his statements during the change of plea hearing. At that hearing, Mota-Herrera stated that he was not pleading guilty in response to any promises made to him (doc. 130, p. 9), he understood the terms of the plea agreement (p. 10), he discussed the plea agreement with his attorney (pp. 10-11), and he agreed to its terms (p. 11). Additionally, the Court explained to Mota-Herrera his right to plead not guilty (pp. 4-5), his right to counsel (p. 4), the trial rights he relinquished by pleading guilty (pp. 5-6), and the resulting limitations on his appellate rights (p. 6). In accepting the guilty plea, the Court concluded that Mota-Herrera understood his rights and the consequences of the change of plea. (p. 11-

11

12). Pursuant to *Blackledge*, Mota-Herrera's conclusory allegation is subject to dismissal. Therefore, we deny the ineffective assistance of counsel claim.

Mota-Herrera's final ineffective assistance of counsel claim contends that appellate counsel was ineffective in choosing to file an *Anders* brief. Without providing any detail, Mota-Herrera argues that he had, "at the very least, sentencing issues which could have been, and should have been, raised on direct appeal." Mota-Herrera, however, fails to identify any of the issues appellate counsel should have raised and he fails to argue that such claims would have affected the outcome of his appeal. *See Mannino*, 212 F.3d at 845 (setting forth two-pronged test for ineffective assistance of appellate counsel claims). To the extent the unidentified "sentencing issues" refer to claims Mota-Herrera now raises in his § 2255 motion, we have already discussed and rejected each claim. Thus, the claims would not have been successful on appeal.

  *B. Mota-Herrera's Other Claims*

Mota-Herrera raises two other claims in his § 2255 motion, neither of which have merit. First, in the Addendum to his § 2255 motion, Mota-Herrera argues that he should not have received a sentence thirty-five months longer than the sentence received by his brother. (doc. 136, pp. 2-5). On direct appeal, the Third Circuit rejected this claim, concluding that the sentence was reasonable and explaining that we "gave

12

meaningful consideration to the factors under 18 U.S.C. § 3553(a), including the disparity in sentencing between the co-defendants." *Mota-Herrera*, 238 Fed. Appx. at 806.  The Third Circuit has explained that "[s]ection 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'"  *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)).[3]  Consequently, Mota-Herrera may not relitigate his sentence disparity claim in this § 2255 motion.

Second, Mota-Herrera contends that he was not notified of his right to contact the consulate of the Dominican Republic pursuant to Article 36 of the Vienna Convention.  (doc. 136, pp. 5-10).  Mota-Herrera argues that he could have obtained effective legal counsel if he had been informed of this right.  *Id*. at 5.  Mota-Herrera may not raise this issue for the first time through a § 2255 motion.  In *United States v. Hart*, No. 03-827, 2008 WL 375188 (E.D. Pa. Feb. 11, 2008), a district court in our circuit also considered this claim for the first time in

---

[3] An exceptional circumstance, not relevant here, would allow the relitigation of an issue raised on direct appeal in light of an intervening change in the governing substantive law making the prisoner's conviction and punishment unlawful. *United States v. Zemba*, No. 01-75, 2007 WL 709314, at *12 (W.D. Pa. Mar. 5, 2007) (citing *Davis v. United States*, 417 U.S. 333 (1974)).  Additionally, a prisoner may show "cause" excusing a procedural default, and "actual prejudice" resulting from the errors to raise an issue for the first time on collateral review.  *See United States v. Hart*, No. 03-827, 2008 WL 375188, at *2 (E.D. Pa. Feb. 11, 2008) (discussing *United States v. Frady*, 456 U.S. 152 (1982)).

a § 2255 motion.  The *Hart* court discussed *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 126 S. Ct. 2669, 165 L. Ed.2d 557 (2006), which held that state procedural default rules apply to a prisoner raising a Vienna Convention claim for the first time in a collateral proceeding.  *See Hart*, 2008 WL 375188, at *2 (discussing *Sanchez-Llamas*).  The court, noting the Supreme Court's preference for affording equal status to federal and state prisoners pursuing postconviction relief, extended the *Sanchez-Llamas* holding to a federal prisoner raising a Vienna Convention claim for the first time on direct appeal.  *Id*.  We find this discussion persuasive.  Consequently, by failing to raise this claim on direct appeal, Mota-Herrera may not pursue it for the first time in his § 2255 motion.

*IV.   Certificate of Appealability*

We will also deny a certificate of appealability based on the analysis in this Memorandum.  However, Mota-Herrera is advised that he has the right for sixty (60) days to appeal our order denying his § 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a

certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: August 6, 2008

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :
        Plaintiff               :
                                :
                                :
        v.                      :   CRIMINAL NO. 1:CR-05-413-02
                                :   CIVIL NO.    1:CV-07-2298
                                :
ROBERTO MOTA-HERRERA,           :
        Defendant               :
```

*O R D E R*

AND NOW, this 6th day of August, 2008, upon consideration of Defendant Roberto Mota-Herrera's motion (doc. 126), and pursuant to the accompanying Memorandum, it is ordered that:

 1. Defendant's motion under 28 U.S.C. § 2255 is denied;

 2. A certificate of appealability is denied;

 3. The Clerk of Court is directed to close this case.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge